United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60095
Conference Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARY BUGGS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:02-CR-79-2
--------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mary Buggs appeals the sentence imposed following her
guilty-plea conviction for distribution of cocaine base in
violation 21 U.S.C. § 841(a) and (b)(1)(C).  Buggs argues that
her sentence is illegal in view of the Supreme Court's decision
in Blakely v. Washington, 124 S. Ct. 2531 (2004).  Because Buggs
did not raise this issue in the district court, review is limited
to plain error.  See United States v. Vonn, 535 U.S. 55, 59
(2002).  After the district court sentenced Buggs, the Supreme

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Court issued its decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), applying its Sixth Amendment holding in <u>Blakely</u> to the United States Sentencing Guidelines.  The Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  <u>Id.</u> at 756.

Even if there was <u>Booker</u> error, however, Buggs cannot show plain error.  Because Buggs's sentence was based on the 12.5 grams of cocaine base that, as part of her plea agreement, she admitted distributing, Buggs cannot demonstrate that her sentence would likely have been different if the judge had sentenced her under the <u>Booker</u> advisory regime.  <u>See</u> <u>United States v. Mares</u>, ___ F.3d ___, No. 03-21035, 2005 WL 503715 at *9 (5th Cir. Mar. 4, 2005), <u>petition for cert. filed</u>, No. 04-9517 (U.S. Mar. 31, 2005).  Therefore, Buggs's sentence is AFFIRMED.